NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-370

CHARLES WESTON

VERSUS

M-I, L.L.C., D/B/A M-I DRILLING FLUIDS, L.L.C., ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-6033
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Tobin James Eason**
**Weiss & Eason, L.L.P.**
**128 Century Oaks Lane**
**Mandeville, LA 70471**
**(985) 626-5358**
**Counsel for Defendants-Appellees:**
**M-I, L.L.C.**
**Randy Fruge**

**J. Bryan Jones, III**
**Attorney at Law**
**P. O. Box 8841**
**Lake Charles, LA 70606**
**(337) 598-2638**
**Counsel for Plaintiff-Appellant:**
**Charles Weston**

**PICKETT, Judge.**

The plaintiff, Charles Weston, appeals the granting of a Motion for Summary Judgment in favor of the defendants, M-I, L.L.C. and Randy Fruge, finding that Weston is an employee and that his exclusive remedy is in workers' compensation.

## STATEMENT OF THE CASE

Charles Weston claims he was injured when he was exposed to chemicals, including caustic soda, while working as an employee of Wilstaff, Inc., a temporary staffing agency. The evidence presented in the summary judgment proceeding makes it clear that Wilstaff sent Weston to M-I to work as a truck driver. During the two days he worked as a truck driver for M-I, Weston handled bags of chemicals he claims M-I knew to be hazardous without the proper protective equipment, such as rubber gloves, aprons, and masks. As a result of his exposure to these chemicals, Weston was injured and has been unable to work. Weston filed suit against M-I and a manager of the company, Randy Fruge, in district court.

M-I filed a motion for summary judgment alleging that Weston was a borrowed employee of M-I and that his exclusive remedy was in workers' compensation. Following a hearing, the trial court found that there were no issues of material fact and that, as a matter of law, Weston was a borrowed employee of M-I, and it granted M-I's motion for summary judgment. Weston now appeals that judgment.

## ASSIGNMENTS OF ERROR

Weston asserts one assignment of error:

> The trial court erred in granting summary judgment for M-I based on their contention that Charles Weston was a borrowing [sic] employee for M-I, although Charles Weston was employed by Willstaff as a truck driver that moved around from job to job (company to company) and the accident occurred on the second day that Charles Weston was assigned to perform a job at M-I by his employer, Willstaff.

1

On review of a summary judgment, the reviewing court considers the matter de novo. *Doerr v. Mobil Oil Corp.*, 00-947 (La. 12/19/00), 774 So.2d 119. The reviewing court "asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 26 (La. 7/5/94), 639 So.2d 730, 750.

Except for injuries incurred as a result of intentional acts, an employee's exclusive remedy against his employer for injuries sustained in the course of his employment is in workers' compensation. La.R.S. 23:1032. In this case, Weston claims that he was an employee of Willstaff, not M-I, when he was exposed to the chemicals that made him sick. Conversely, M-I successfully argued in the trial court that Weston was a borrowed employee of M-I. "A borrowing employer is solidarily liable with a general employer for workers' compensation benefits, and the borrowed employee is barred from bringing a tort action against the borrowing employer." *Pradia v. Southern Personnel of La., Inc.*, 00-365, p. 4 (La.App. 3 Cir. 10/11/00), 776 So.2d 474, 477, *writ denied*, 00-3018 (La. 1/15/01), 778 So.2d 599 (citations omitted).

In *Pradia*, this court identified the factors that must be considered to determine whether an employee is a borrowed employee:

(1) who has the right of control over the employee beyond the mere suggestion of details or cooperation, (2) who selected the employee, (3) who paid the employee's wages, (4) who had the right to fire the employee, (5) who furnished the tools and the place to perform the work, (6) was the new employment over a considerable length of time, (7) whose work was being done at the time of the accident, (8) was there

2

an agreement between the borrowing and lending employers, (9) did the employee acquiesce in the new work situation, and (10) did the original employer terminate his relationship with or relinquish his control over the employee.

*Id.* at 480 (citing *Green v. Popeye's Inc.*, 619 So.2d 69 (La.App. 3 Cir. 1993)).

Weston's deposition makes it clear that M-I had control over Weston's activities during the time he was exposed to the chemicals that caused his injuries, that M-I had the right to fire him, that M-I furnished the tools to perform the work, and that M-I's work was being performed. Willstaff hired Weston, and sent him to M-I to work, and Willstaff actually paid M-I. While Weston worked at M-I for only two days, he made it clear that he hoped that the position would become permanent. He admitted in his deposition that even though he knew it was dangerous, he handled the bags of caustic soda without proper protective equipment because he wanted to be hired by M-I as a permanent employee. He complained to Willstaff when he was not provided the protective equipment.

While Weston's employment at M-I was short-lived, that fact alone is not material to the determination that Weston was acting as an employee of M-I at the time he was injured. M-I has proven that Weston was its borrowed employee at the time he sustained his injuries. The trial court properly granted the motion for summary judgment and dismissed the tort suit filed by Weston against M-I and Fruge.

## CONCLUSION

The judgment of the trial court is affirmed. The costs of this appeal are assessed to Charles Weston.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.